# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **RONNY LUONG,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **CIVIL ACTION NO. _____** |
| **THE TRAVELERS LLOYDS INSURANCE** | § | |
| **COMPANY AND JASON SPRADLIN,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## INDEX OF STATE COURT MATERIALS

| No. | Date Filed or Entered | Document |
|---|---|---|
| A-1 | N/A | Civil Docket Sheet |
| A-2 | 02/26/2016 | Plaintiff's Original Petition |
| A-3 | 02/26/2016 | Civil Case Information Sheet |
| A-4 | 02/26/2016 | Jury Demand |
| A-5 | 03/03/2016 | Citation Issued for Jason Spradlin |
| A-6 | 03/03/2016 | Citation Issued for The Travelers Lloyds Insurance Company |
| A-7 | 03/11/2016 | Return of Service for Citation on The Travelers Lloyds Insurance Company |
| A-8 | 03/25/2016 | Defendants The Travelers Lloyds Insurance Company and Jason Spradlin's Original Answer |
| A-9 | 03/29/2016 | Order Setting Scheduling Conference and Notice of Policies |
| A-10 | 04/05/2016 | Defendants The Travelers Lloyds Insurance Company and Jason Spradlin's First Amended Answer |

# EXHIBIT A-1

# DC-16-02295 - RONNY LUONG vs. THE TRAVELERS LLOYDS INSURANCE COMPANY et al

| | |
|---|---|
| Case Number: DC-16-02295 | Court: 44th District Court |
| File Date: 02/26/2016 | Case Type: INSURANCE |
| Case Status: OPEN | |

PLAINTIFF : LUONG, RONNY
Address:
  c/o 100 Waugh Drive, Suite 350
  Houston TX 77007

**Active Attorneys**
  Lead Attorney:
    **WORRALL, MATTHEW**
  Retained
  Work Phone: 713-963-8881
  Fax Phone: 713-574-2938

DEFENDANT : THE TRAVELERS LLOYDS INSURANCE COMPANY
Address:
  CORPORATION SERVICE COMPANY
  211 EAST 7TH STREET
  SUITE 620
  AUSTIN TX 78701-3218

**Active Attorneys**
  Lead Attorney:
    **LEWIS, WILLIAM LANCE**
  Retained
  Work Phone: 214-871-2100
  Fax Phone: 214-871-2111

DEFENDANT : SPRADLIN, JASON
Address:
  332 FOREST GROVE DRIVE
  RICHARDSON TX 75080-1936

**Active Attorneys**
  Lead Attorney:
    **LEWIS, WILLIAM LANCE**
  Retained
  Work Phone: 214-871-2100
  Fax Phone: 214-871-2111

02/26/2016 NEW CASE FILED (OCA) - CIVIL
02/26/2016 ORIGINAL PETITION
  16.02.24 Original Petition - Liberty Tech - Miller Park.pdf
  2016.02.26 Civil Case Information Sheet.pdf
  Comment: Plaintiff's Original Petition
02/26/2016 ISSUE CITATION
  ISSUE CITATION
  ISSUE CITATION
02/26/2016 JURY DEMAND
  JURY DEMAND
03/03/2016 CITATION
  Anticipated Server: CERTIFIED MAIL      Anticipated Method:
  Actual Server: CERTIFIED MAIL      Returned: 03/11/2016
  Anticipated Server: CERTIFIED MAIL      Anticipated Method:
  Comment: CERT MAIL****9214-8901-0661-5400-0081-0224-23****9214-8901-0661-5400-0081-0219-69
03/25/2016 ORIGINAL ANSWER - GENERAL DENIAL
  Luong Answer.pdf
03/29/2016 NOTICE OF SCHEDULING CONFERENCE

**04/22/2016 SCHEDULING CONFERENCE**
04/22/2016 Scheduling Conference
| Judicial Officer: GOLDSTEIN, BONNIE LEE
| Hearing Time: 9:00 AM

LUONG, RONNY
| Total Financial Assessment | | | | $565.00 |
| Total Payments and Credits | | | | $565.00 |

| 2/29/2016 | Transaction Assessment | | | $565.00 |
| 2/29/2016 | CREDIT CARD - TEXFILE (DC) | Receipt # 12581-2016-DCLK | Luong, Ronny | ($565.00) |

16.02.24 Original Petition - Liberty Tech - Miller Park.pdf
2016.02.26 Civil Case Information Sheet.pdf
JURY DEMAND
ISSUE CITATION
ISSUE CITATION
THE TRAVELERS LLOYDS INSURANCE COMPANY - CITATION
Luong Answer.pdf
NOTICE OF SCHEDULING CONFERENCE

# EXHIBIT A-2

FILED
DALLAS COUNTY
2/26/2016 3:26:09 PM
FELICIA PITRE
DISTRICT CLERK

Angie Avina

Cause No. _____   DC-16-02295

| | | |
|---|---|---|
| RONNY LUONG | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| | § | |
| | § | |
| THE TRAVELERS LLOYDS INSURANCE | § | _____ JUDICIAL DISTRICT |
| COMPANY AND JASON SPRADLIN | § | |
| *Defendants* | § | |
| | § | |
| | § | |
| | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Liberty Tech Computer World, Inc., Plaintiff (hereinafter referred to as "Plaintiff"), and file this Original Petition against Defendants, The Travelers Lloyds Insurance Company ("Travelers") and Jason Spradlin ("Spradlin") (to whom will be collectively referred to as "Defendants"), and respectfully would show this court as follows:

### PARTIES

1.   Plaintiff, Liberty Tech Computer World, Inc., is a Texas corporation doing business in and/or owning property in Dallas County, Texas.

2.   Defendant, Travelers, is an insurance company that engaged in the business of insurance in the State of Texas at all times material to this action.  This defendant may be served by serving its Registered Agent for service of process: Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218, by certified mail, return receipt requested.

1

3.      Defendant, Jason Spradlin, is an individual residing in and domiciled in the State of Texas. This defendant may be served via certified mail, return receipt requested at 332 Forest Grove Drive, Richardson, Texas 75080-1936.

## DISCOVERY LEVEL

4.      Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

## JURISDICTION

5.      The Court has jurisdiction over this controversy because the damages are within the jurisdictional limits of this court.  Plaintiff is seeking monetary relief over $1,000,000.  Plaintiff reserves the right to amend this petition during and/or after the discovery process.

6.      The Court has jurisdiction over Defendant, Travelers, because this defendant engaged in the business of insurance in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

7.      The Court has jurisdiction over Defendant, Unified, because this defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiff's causes of action arise out of defendant's business activities in the State of Texas.

## VENUE

8.      Venue is proper in Dallas County, Texas, because the insured property is situated in Dallas County, Texas.  TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

9.      Plaintiff is the owner of a property insurance policy ("the Policy") issued by Travelers.

10.      Plaintiff owns the insured property located at 3925 Miller Park Drive, Garland, Texas

2

75042 (hereinafter referred to as "the Property").  Travelers sold the Policy insuring the Property to Plaintiff.

11.     A hail storm and/or windstorm struck Dallas County, Texas, causing severe damage to homes and businesses throughout the region ("the Storm") including the Property.  The Storm damaged the Property including extensive damage to Plaintiff's roof, interior, computer equipment and parts.

12.     Plaintiff subsequently submitted a claim to Travelers for the damage the Property sustained as a result of the Storm.  Plaintiff requested that Travelers cover the cost of repairs, including but not limited to, replacement of the roof pursuant to the property and computer components damaged.

13.     Defendant Travelers assigned Spradlin as the individual adjuster ("the adjuster") on the claim.  The adjuster was improperly trained and failed to perform a thorough investigation of the claim spending an inadequate amount of time inspecting Plaintiff's property.  The adjuster conducted a substandard inspection of Plaintiff's Property evidenced by the adjuster's report, which failed to include all of Plaintiff's storm damages noted upon inspection.  The damages the adjuster included in the report were grossly undervalued and did not allow for adequate funds to cover the cost of repairs to all the damages sustained.

14.     Travelers and its personnel failed to thoroughly review and properly supervise the work of their assigned adjusters which ultimately led to the approving an improper adjustment and an inadequately unfair settlement of Plaintiff's claim.  As a result of Defendants' wrongful acts and omissions set forth above and further described herein, Plaintiff was wrongfully denied on the claim and has suffered damages.

15.     Together, Defendants set about to deny and/or underpay on properly covered damages. Defendants failed to provide full coverage for the damages sustained by Plaintiff and under-scoped Plaintiff's damages, thereby denying adequate and sufficient payment on Plaintiff's claim.  As a result of Defendants' unreasonable investigation, Plaintiff's claim was improperly adjusted, and Plaintiff was wrongfully denied on the claim and has suffered damages.  The mishandling of Plaintiff's claim has also caused a delay in Plaintiff's ability to fully repair the Property, which has resulted in additional damages.  To this date, Plaintiff has yet to receive the full payment that it is entitled to under the Policy.

16.     As detailed in the paragraphs below, Travelers wrongfully denied Plaintiff's claim for repairs of the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff.

17.     To date, Travelers continues to delay in the payment for the damages to the Property.  As such, Plaintiff has not been paid in full for the damages to the Property.

18.     Defendant Travelers failed to perform its contractual duties to adequately compensate Plaintiff under the terms of the Policy.  Specifically, it refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff.  Travelers' conduct constitutes a breach of the insurance contract between Travelers and Plaintiff.

19.     Defendants misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX.

4

INS. CODE § 541.060(a)(1).

20.    Defendants failed to make an attempt to settle Plaintiff's claim in a fair manner, although they were aware of their liability to Plaintiff under the Policy.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.   TEX. INS. CODE § 541.0060(a)(2)(A).

21.    Defendants failed to explain to Plaintiff the reasons for their offer of an inadequate settlement.  Specifically, Defendants failed to offer Plaintiff adequate compensation, without any explanation why full payment was not being made.  Furthermore, Defendants did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiff's claim.  Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a)(3).

22.    Defendants failed to affirm or deny coverage of Plaintiff's claim within a reasonable time.  Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendants.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a)(4).

23.    Defendants refused to fully compensate Plaintiff, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation.   Specifically, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's claim on the Property.  Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a)(7).

24.     Defendant Travelers failed to meets it obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim, within the statutorily mandated time of receiving notice of Plaintiff's claim.  Travelers' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE § 542.055.

25.     Defendant Travelers failed to accept or deny Plaintiff's full and entire claim within the statutorily mandated time of receiving all necessary information.  Travelers' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE § 542.056.

26.     Defendant Travelers failed to meet its obligations under the Texas Insurance Code regarding payment of claim without delay.  Specifically, it has delayed full payment of Plaintiff's claim longer than allowed and, to date, Plaintiff has not received full payment for the claim.  Travelers' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims.  TEX. INS. CODE § 542.058.

27.     From and after the time Plaintiff's claim was presented to Defendant Travelers, the liability of Travelers to pay the full claim in accordance with the terms of the Policy was reasonably clear.  However, Travelers has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment.  Travelers' conduct constitutes a breach of the common law duty of good faith and fair dealing.

28.     Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

29.     As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing them with respect to these

causes of action.

30.     Plaintiff's experience is not an isolated case.  The acts and omissions Travelers committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Travelers with regard to handling these types of claims.  Travelers' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholders.

## CAUSES OF ACTION

31.     Each of the foregoing paragraphs is incorporated by reference in the following:

### I.     Causes of Action Against Spradlin

32.     Travelers assigned Spradlin to adjust this claim.  Spradlin was improperly trained and performed an outcome oriented and unreasonable investigation of Plaintiff's damages.  Spradlin did not properly assess all damages caused by the Storm and omitted covered damages from the report including the full extent of damage to the roof.  Spradlin refused to fully compensate Plaintiff for the full amount Plaintiff is entitled under the Policy.  The outcome oriented investigation of Plaintiff's claim resulted in a biased evaluation of Plaintiff's damages to the Property and the estimated damages were severely underestimated.

### A.     Noncompliance with Texas Insurance Code:  Unfair Settlement Practices

33.     Defendant Spradlin's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a).  All violations under this article are made actionable by TEX. INS. CODE § 541.151.

34.     Defendant Spradlin is individually liable for his unfair and deceptive acts, irrespective of the fact Spradlin was acting on behalf of Travelers, because Spradlin is a "person" as defined by

TEX. INS. CODE § 541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, adjuster or life and health insurance counselor." TEX. INS. CODE § 541.002(2) (emphasis added). (See also *Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W. 2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

35.     Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiff's damages; (2) stating that Plaintiff's damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiff received. Defendant Spradlin's unfair settlement practices, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060 (a)(1).

36.     Defendant Spradlin's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE § 541.060(a)(2)(A).

37.     Defendant Spradlin failed to explain to Plaintiff the reasons for the offer or offers of an inadequate settlement.   Specifically, Defendant Spradlin failed to offer Plaintiff adequate compensation without any explanation as to why full payment was not being made.  Furthermore, Defendant Spradlin did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor was there any explanation for the failure as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiff's claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(3).

38.     Defendant Spradlin's unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(4).

39.     Defendant Spradlin did not properly inspect the Property and failed to account for and/or undervalued Plaintiff's roof damage, although reported by Plaintiff to Travelers.  Defendant Spradlin's unfair settlement practices, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition, and an unfair and deceptive act or practice in the business of insurance.   TEX. INS. CODE § 541.060(a)(7).

## II.     Causes of Action Against Travelers

40.     Travelers intentionally breached its contract with Plaintiff, intentionally violated the Texas Insurance Code and intentionally breached the common law duty of good faith and fair dealing.

9

A.    **Breach of Contract**

41.    Travelers breached the contract of insurance it had with Plaintiff.  Travelers breached the contract by its failure/and or refusal to adequately pay the claim as it is obligated to do under the terms of the Policy in question and under the laws in the State of Texas.

B.    **Noncompliance with Texas Insurance Code:  Unfair Settlement Practices**

42.    Defendant Travelers' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE § 541.060(a).  All violations under this article were made actionable by TEX. INS. CODE § 541.151.

43.    Defendant Travelers' unfair settlement practice, as described above, of misrepresenting to Plaintiff material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 5410.060(a)(1).

44.    Defendant Travelers' unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Travelers' liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(2)(A).

45.    Defendant Travelers' unfair settlement practice, as described above, of failing to promptly provide Plaintiff with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(3).

46.     Defendant Travelers' unfair settlement practices, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff, or to submit a reservation of rights to Plaintiff, constitutes an unfair method of compensation and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(4).

47.     Defendant Travelers' unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  TEX. INS. CODE § 541.060(a)(7).

###     C.      Noncompliance with Texas Insurance Code:  Prompt Payment of Claims Statute

48.     Plaintiff is entitled to 18% interest and attorney fees under TEX. INS. CODE §542.060 for violating the Texas Insurance Code, Prompt Payment of claims TEX. INS. CODE §542.051 *et. seq.*

49.     Travelers failed to acknowledge receipt of Plaintiff's claim, commence investigation of the claim, and request from Plaintiff all items, statements, and forms that it reasonably believed would be required within the applicable time constraints under TEX. INS. CODE §542.055.

50.     Travelers failed to notify Plaintiff in writing of its acceptance or rejection of the claim within applicable time constraints under TEX. INS. CODE §542.056.

51.     Travelers delayed the payment of Plaintiff's claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for under TEX. INS. CODE §542.058.

###     D.      Breach of the Duty of Good Faith and Fair Dealing

52.     Travelers breached the duty of good faith and fair dealing by failing to adequately and reasonably investigate and evaluate Plaintiff's claim while it knew or should have known, by the

11

exercise of reasonable diligence, that its liability was reasonably clear.

### E.    Knowledge

53.     Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code.

### DAMAGES

54.     Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff.

55.     The damages caused by the hail storm and/or windstorm  have not been properly addressed or repaired in the months since the storm, causing further damages to the Property, and causing undue hardship and burden to Plaintiff.   These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

56.     For breach of contract, Plaintiff are entitled to regain the benefit of their bargain, which is the amount of his claim, together with attorney's fees.

57.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees.  For knowing conduct of the acts described above, Plaintiff ask for three times their actual damages.  TEX. INS. CODE § 541.152.

58.     For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as 18% (eighteen percent) interest per annum on the amount of such claim as damages, together with attorney's fees.  TEX. INS. CODE § 542.060.

59.     For breach of the common law duty of good faith and fair dealing, Plaintiff is  entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty,

such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages and damages for emotional stress.

60.    For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading.  Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas

## JURY DEMAND

61.    Plaintiff hereby demands a trial by jury and tender the appropriate fee.

## DISCOVERY REQUESTS

62.    Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests that each Defendant disclose, within 30 days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

63.    Defendants are requested to respond to the attached interrogatories and requests for production within fifty (50) days.

## PRAYER

64.    WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this court site Defendants to appear and answer herein and that Plaintiff has judgment taken against Defendants and recovers from Defendants all damages allowed by law, and that Plaintiff be awarded attorneys' fees for trial and any appeal of this case, for pre-judgment and post judgment interest as allowed by law, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff is justly entitled.

13

Respectfully submitted,

**THE POTTS LAW FIRM, LLP**

By:      */s/ Matthew J. Worrall*
         **Matthew J. Worrall**
         SBN: 24070883
         **William H. Barfield**
         SBN:  24031725
         **Andrew A. Woellner**
         SBN:  24060850
         100 Waugh Drive, Suite 350
         Houston, Texas 77007
         Telephone (713) 963-8881
         Facsimile (713) 574-2938
         Emails: mworrall@potts-law.com
                    wbarfield@potts-law.com
                    awoellner@potts-law.com

         **ATTORNEYS FOR PLAINTIFF**

14

## PLAINTIFF'S FIRST INTERROGATORIES AND REQUESTS FOR PRODUCTION

COMES NOW Plaintiff, in the above-styled and numbered cause, and requests that

Defendant(s) answer the following Interrogatories and Requests for Production separately and

fully in writing pursuant to the Texas Rules of Civil Procedure within 50 days of service.  Serve

answers to the requests on Plaintiff by and through his/her attorney of record.

## DEFINITIONS AND INSTRUCTIONS

The following definitions and instructions shall apply to these Interrogatories and Requests
for Production:

1.      "You", "your", and "defendant" shall mean the Defendant the interrogatories and requests
for production are addressed to in this case, and shall include past or present directors, officers,
representatives, employees, agents, guardians, attorneys, or any other person or persons acting or
purporting to act on your behalf, whether authorized to do so or not.

2.      "Any" includes the word "all" and "all" includes the word "any".

3.      The term "person" or "persons" shall mean all individuals and entities, including, but not
limited to, natural persons, firms, partnerships, associations, organizations, divisions, joint
ventures, corporations, trusts, reciprocal or interinsurance exchange, Lloyd's plan, fraternal benefit
society, agent, governmental entities, domestic or foreign, unincorporated associations, or any
other form of business, governmental, public or charitable entity.

4.      Unless otherwise established by the context, the plural shall be construed to include the
singular and the singular the plural, wherever the effect of doing so is to increase the information
in your responses.

5.      The terms "relate to", "relating to", "refer to", and "referring to" shall be construed to
include any connection, direct or indirect, whatsoever with the requested documentation, person,
or subject matter, without limitation unless specifically indicated.

6.      "Identify" or give the "identity of" means:

      i.      In the case of a person, to state such person's
        (1)      full name;
        (2)      last known home and business address and home and business telephone
               number;
        (3)      employer or business affiliation; and
        (4)      occupation and business position held.

15

ii.  In the case of a <u>document</u>, to state:
   (1)  the identity of the person or persons preparing it and the sender;
   (2)  its title or a description of the general nature of the subject matter;
   (3)  the identity of the addressee(s), if any;
   (4)  its date or dates of preparation;
   (5)  its date or dates and manner of distribution and publication, if any;
   (6)  the location of each copy and the identity of its present custodian;
   (7)  the type of document; and
   (8)  all characteristics by which that document might be distinguished from any other document.

iii.  In the case of a communication in the form of an <u>oral statement</u>, to state:
   (1)  the identity of the person uttering the oral statement;
   (2)  the place at which such oral statement was uttered;
   (3)  the date on which such oral statement was uttered;
   (4)  the identity of each person in whose presence or hearing such oral statement was uttered; and
   (5)  the substances of the oral statement.

7.  "Evidencing" or "evidences" shall mean constituting, proving, reflecting, indicating, or probative of the existence or nature of any fact, allegation, or given matter.

8.  "Fact" refers to all evidentiary facts presently known to you and all evidentiary facts the existence of which is presently inferred by you from the existence of any combination of evidentiary and/or ultimate facts.

9.  "Policy" refers to the policy of insurance in effect on the date that the loss made the basis of this lawsuit occurred.

10.  "Property" refers to the building, dwelling, other structures, and personal property covered by the Policy, as defined above, made the basis of this lawsuit.

11.  "Lawsuit" shall mean the litigation, the style, court and cause number which is found in the caption to this instrument.

12.  "Document" shall include but not be limited to all handwritten, stenographic, typed, written, or printed writings and papers of every kind, kept, maintained, or received by plaintiff or your attorney, including, but not limited to, contracts, invoices, letters, telegrams, e-mails, memoranda, reports, studies, books, records, calendar or diary entries, pamphlets, notes, charts, tabulations, records (including tape recordings or transcriptions thereof) of meetings, conferences, and telephone or other conversations or communications, ledgers, financial statements, photostats, microfilm, photographs, slides, motion pictures, video tapes, tape and disc recordings on software programs, including reproduction of copies of documents which are not identical duplicates of the original, and also including any reproduction or copies of documents of which the originals are

16

not in the possession, custody or control of Defendant.  This definition includes all copies, reproductions, or facsimiles of documents by whatever means made and all documents for which privilege is claimed.  If copies of a document are not identical by reason of handwritten notations, identification marks, or any other modifications, each such non-identical copy is a separate document within the meaning of this definition.

11.     "Incident", "accident", and/or "occurrence", and/or "collision" shall mean and refer to that certain incident which is described in more detail in Plaintiff's Original Petition currently on file herein.

12.     A person has knowledge of relevant facts when he has or may have knowledge of any discoverable matter.  The information need not be admissible and personal knowledge is not required.  Identification of a person with knowledge of relevant facts should include a current address and telephone number.

13.     When responding to any of the following Interrogatories, the Defendant is to identify to the fullest extent possible, any document which the Defendant know or suspects had once existed.

Respectfully submitted,

THE POTTS LAW FIRM, LLP

By:     */s/ Matthew J. Worrall*
        **Matthew J. Worrall**
        SBN: 24070883
        **William H. Barfield**
        SBN:  24031725
        **Andrew A. Woellner**
        SBN:  24060850
        100 Waugh Drive, Suite 350
        Houston, Texas 77007
        Telephone (713) 963-8881
        Facsimile (713) 574-2938
        Emails: mworrall@potts-law.com
                wbarfield@potts-law.com
                awoellner@potts-law.com

        **ATTORNEYS FOR PLAINTIFF**

17

## CERTIFICATE OF SERVICE

I hereby certify that I sent a true and correct copy of the attached discovery requests to Defendant(s) as an attachment to the petition. Therefore, Defendant(s) would have received it when it was served with the citation.

THE POTTS LAW FIRM, LLP

*/s/ Matthew J. Worrall*
**Matthew J. Worrall**

18

## <u>INTERROGATORIES TO INSURER</u>

1. Identify the name, job title, dates of employment and a brief description for all persons providing information for the answers to these interrogatories.

   **<u>ANSWER</u>**


2. Identify all persons and entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

   **<u>ANSWER</u>**

3. Identify the name and job title of each person who inspected the Property made the basis of this Lawsuit and the date of the inspection.

   **<u>ANSWER</u>**

4. State the date Defendant closed Plaintiff's claim and to the extent Defendant asserts statute of limitations as a defense, state all dates and manners in which Defendant notified Plaintiff(s)

   **<u>ANSWER</u>**

5. Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under the Policy or Texas Insurance Code, and, if so, describe how notice was deficient and the resulting prejudice, if any.

   **<u>ANSWER</u>**

6. At the time the claim made the basis of this Lawsuit was investigated and inspected, describe all damage attributable to the storm observed at the Property by Defendant, or persons or entities on behalf of Defendant.

   **<u>ANSWER</u>**

7. Please identify all documents and information requested from Plaintiff at the time the claim made the basis of this Lawsuit was investigated, stating the date and manner in which the request was made, and identify the requested documents Defendant claims Plaintiff failed to provide upon Defendant's request.

   **<u>ANSWER</u>**

8.  If you contend Plaintiff's damages claimed in this lawsuit are from a prior insurance claim or prior unrepaired damage, please list all prior claims on the property made in the last ten years, including claim number, date of loss, type of loss, and payments, if any.

    **ANSWER**

9.  Describe Defendant's method of determining whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, and whether Defendant has a policy or procedure in place regarding the method of determining O&P.

    **ANSWER**

10. List all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the factual basis that Defendant relies upon to apply that exclusion.

    **ANSWER**

11. Identify all items on the claim made the basis of this Lawsuit that Defendant applied depreciation, stating for each item the method for calculating the depreciation and the age of the item.

    **ANSWER**

12. State whether Defendant applied depreciation to labor and removal of the roof in the claim made the basis of this lawsuit, identifying the basis for that depreciation and the applicable policy section.

    **ANSWER**

13. State whether sales tax was paid by Defendant on all materials and/or labor and the method of calculation.

    **ANSWER**

14. State the Date Defendant first anticipated litigation.

    **ANSWER**

15. State whether the estimate(s) prepared for the claim made the basis this Lawsuit by Defendant, or on Defendant's behalf, failed to identify any storm related damage at the Property.  If so, identify each item of damage.

    **ANSWER**

20

16. Identify all underwriting reports in Defendant's possession or control for the Property.

**ANSWER**

17.  State whether the estimate(s) prepared for the claim made the basis of this lawsuit wrongly included or excluded any item or payment and describe each item or payment by stating whether it should have been included or excluded from the estimate.

**ANSWER**

18. Identify the amount of attorneys' fees incurred by Defendant to date and in connection with this amount state:
    a. The activities and work performed from the inception of the representation of Defendant through Present.
    b. The amount of time spent on each of the activities performed from the inception of the representation through Present.
    c. The name and hourly rate charged by each of the attorneys representing Defendant in this case from the inception of the representation until Present; and the date in which the representation of Plaintiff began by each attorney.

**ANSWER**

19. What is your compensation arrangement with your expert witness in this case?

**ANSWER**

20. Describe the work performed by your expert witnesses in this case, including a description of the work, the time the work took to complete, the name of the person who completed the work, the date of the work and the rate charged or applied to the work.

**ANSWER**

21. State every basis, in fact and based on the terms of the policy, for defendant's denial or partial denial and/or recommendation of denial or partial denial of Plaintiff's claim(s)

**ANSWER**

22. If you contend that the Policy is void for any reason, state the factual basis for that contention.

**ANSWER**

21

## REQUEST FOR PRODUCTION TO INSURER

1.      The following insurance documents issued for the Properties as identified in the Petition:

      a.      the policy at issue for the date of loss as identified in the Petition; and

      b.      the policy declarations page for the 3 years preceding the storm.

RESPONSE:

2.      Produce underwriting files and documents relating to the underwriting for all insurance policies for the Properties identified in the Petition. This request is limited to the past 3 years. To the extent Defendant contends that the underwriting file or documents older than 3 years impact the damages or coverage, produce that underwriting file or document.

RESPONSE:

3.      All documents relating to the condition or damages of the Properties or any insurance claim on the Properties identified in the Petition.

RESPONSE:

4.      All documents relating to any real property insurance claims made by Plaintiff at the insured premises that are the basis of this Lawsuit or business interruption, loss of income and/or business loss claims made by the Plaintiff(s). This request is limited to the past 3 years. To the extent Defendant contends that documents older than 3 years impact the damages or coverage, produce that document.

RESPONSE:

5.      All requests for information to any third party about the Properties, the Plaintiff(s), or the claims made the basis of this Lawsuit.

RESPONSE:

6.      All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail property damage, business interruption, loss of income and/or business loss.

RESPONSE:


7.      All documents obtained from any person(s) or entity(ies) and governmental agencies on behalf of Defendant or by Defendant relating to the Plaintiff(s), the Properties, the Policy, or the claims made the basis of this Lawsuit. This request includes all documents obtained by way of deposition on written questions.

RESPONSE:


8.      All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Properties made the basis of this Lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

RESPONSE:


9.      Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, You can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:


10.     To the extent Defendant created or altered any prices used in the preparation of an estimate in the claim made the basis of this Lawsuit, produce all documents related to the creation or alteration of the price, including the original price for that item and the factual bases for the creation or alteration.

RESPONSE:

11.     A complete copy of the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

RESPONSE:

12.     All organizational charts, diagrams, lists, and/or documents reflecting each department. Division or section of Defendant's company to which the claim made the basis of this Lawsuit was assigned.

RESPONSE:

13.     All Texas insurance licenses and/or certifications in effect that the time of the claims arising out of the storm made the basis of plaintiff's claim for all persons who worked on the claim made the basis of this Lawsuit, including any document relating to the application, issuance or review of those licenses and/or certifications.

RESPONSE:

14.     If an engineer and/or engineering firm evaluated the Properties, produce all reports written at the request of Defendant by that engineer or engineering firm within the last 3 years. This request is limited to the extent that the engineer and/or engineering firm was used during claims handling.

RESPONSE:

15.     Produce all documents showing amounts billed and paid to any engineer and/or engineering firm identified in response to Request for Production No. 14 above within the last 3 years. A summary is acceptable in lieu of actual invoices or payments.

RESPONSE:

16.     All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

RESPONSE:


17.     All documents relating to issues of honesty, criminal actions. past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this Lawsuit.

RESPONSE:


18.     All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

RESPONSE:


19.     All XactAnalysis reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit.

RESPONSE:


20.     Any email or document that transmits, discusses, or analyzes any report produced in response to Request for Production No. 19 above.

RESPONSE:


21.     All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit.

RESPONSE:

22.     Any email or document that transmits, discusses, or analyzes any report produced in response lo Request for Production No. 21 above.

RESPONSE:


23.     For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert, all documents or tangible things that have been provided to, reviewed by, or prepared for any testifying expert.

RESPONSE:


24.     Pursuant to Texas Rule of Evidence 609(1), provide all documents evidencing conviction of a crime which You intend to use as evidence to impeach any party or witness.

RESPONSE:


25      All indemnity agreements in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:


26.     All contracts in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:


27.     All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiff's claim between Defendant and any person(s) and/or entity(ies) who the claim made the basis of the Lawsuit.

RESPONSE:

28.     All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiff's claim.

RESPONSE:


29.     To the extent the claim involves rescinding of the policy, all documents regarding Defendant's standards for investigating and rescinding and/or voiding a policy.

RESPONSE:


30.     If a claim for business interruption, loss or income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating any extra expenses incurred during the period of business interruption loss of income and/or business loss covered under Plaintiff's policy. This request is limited to the last 3 years.

RESPONSE:


31.     If a claim for business interruption, loss of income and/or business loss is asserted, all documents prepared by any third party used to evaluate Plaintiff's claim(s) regarding, in any way, the investigation of business interruption, loss of income and/or business loss claims.

RESPONSE:

## <u>INTERROGATORIES TO DEFENDANT JASON SPRADLIN</u>

1.      Identify all email accounts, email addresses, and/or any alias or code used to identify You and used for any communication relating to Your work handling hail and/or windstorm claims arising out of the storm at issue. This request is limited only to the carrier of the claim that is the subject of this Lawsuit.

<u>RESPONSE:</u>

2.      Identify generally the training or experience You had in adjusting hail and/or windstorm damage and any specific training You had for this storm prior to Your handling of claim made the basis of this Lawsuit.

<u>RESPONSE:</u>

3.      Identify any degrees, Texas insurance licenses (unless You qualified for adjusting claims in Texas on an emergency basis, then list any insurance licenses You held from other states) or certifications You had at the time You handled the claim made the basis of this Lawsuit.

<u>RESPONSE:</u>

4.      Explain how You are compensated and by whom for Your work on claims arising out of the storm at issue in this Lawsuit, stating the amount You were compensated per claim, per day, and/or per week and identifying any bonus or incentive plans. To the extent the produced personnel file includes a compensation schedule, You may refer to such personnel file.

<u>RESPONSE:</u>

5.      Identify the following dates:

   a.      The date You first obtained an adjuster license in the State of Texas;

   b.      The first date You were hired/retained by the insurance company defendant or any other defendant in this Lawsuit to adjust property damage claims;

   c.      The date You were first assigned to handle claims arising from the storm at issue in this Lawsuit;

   d.      The date You closed Your file on the claim made the basis of this Lawsuit; and

<u>RESPONSE:</u>

28

6.      Describe in detail each inspection You conducted of the Properties made the basis of this Lawsuit, identifying:

      a.      The name and job title of any person who inspected the Properties with You;

      b.      The date of each inspection;

      c.      The purpose of each inspection;

      d.      The length of time of each inspection;

      e.      The equipment or tools used during each inspection;

      f.      The areas of the Properties inspected (i.e. roof, attic, individual rooms, exterior); and

      g.      Any documents generated during or as a result of each inspection, including the persons and/or entities in possession of those documents.

RESPONSE:


7.      Following the inspection(s), did You engage in any additional communications (e.g., telephone, in person. written communication) with Plaintiff? If yes, provide the following information:

      a.      the date of such communication(s);

      b.      the manner of such communication(s);

      c.      the person to whom You communicated;

      d.      the reason for the communication(s);

      e.      for any telephonic communication(s), identify who initiated the phone call, and the telephone number from which You called or on which You received the call; and

      f.      the general substance of the communication.

RESPONSE:

8.      Identify and describe all damage You observed during Your inspection(s) of the claim made the basis of this Lawsuit. To the extent the damage You observed during Your inspection is reflected in scope notes and photographs, You can refer Plaintiff to such scope notes and/or photographs.

RESPONSE:


9.      For all damage observed at the Properties or reflected in Your scope notes and/or photographs, state what Your believe to be the cause of the damage, describing the investigatory steps You took to determine the cause, and identify all person(s) and/or entity(ies) that provided information or participated in that determination.

RESPONSE:


10.     To the extent You applied or recommended policy exclusions, identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion applied or recommended, state the factual reason(s) that the exclusion was applied or recommended.

RESPONSE:


11.     Identify the information You used to determine and how You calculated the amount of depreciation that You applied to any damage categories included in any estimates You prepared and/or approved on the claim made the basis of this Lawsuit.

RESPONSE:


12.     How did You determine whether You would or would not apply overhead and profit (O&P) to Plaintiff's claim?

RESPONSE:


13.     Identify all documents that You relied upon in the adjustment of the claim made the basis of this Lawsuit. For each document, identify who provided the document.

RESPONSE:

14.     Identify all documents or information You requested from Plaintiff during the investigation of the claim made the basis of this Lawsuit, the date the request was made, the person who communicated the request, and the agent and/or employee of Plaintiff who received the request.

RESPONSE:


15.     Identify all documents or items in Your possession related to the claim made the basis of this Lawsuit that You did not submit to the insurance company and/or adjusting company assigned to this claim.

RESPONSE:


16.     To the extent You are aware, identify all documents or items that were altered, revised, changed or removed from the documents or information You provided the insurance company or adjusting company relating to the claim made the basis of this Lawsuit.

RESPONSE:


17.     Identify and describe any training, guidance or instruction provided to You by any person and/or entity regarding the handling of claims arising out of the storm at issue in this Lawsuit.

RESPONSE:

## REQUESTS FOR PRODUCTION TO DEFENDANT JASON SPRADLIN

1.      All documents related to Plaintiff, the Properties, the Policy, and/or the claim made the basis of this Lawsuit.

RESPONSE:


2.      All licenses or certifications that are identified in response to Interrogatory Number 3.

RESPONSE:


3.      All training documents You have for adjusting hail and/or windstorm claims. This request is limited to the past 2 years.

RESPONSE:


4.      All applications You submitted (or submitted on Your behalf) for purposes of obtaining a license to adjust claims in the State of Texas that were in effect at the time you investigated Plaintiff's claim.

RESPONSE:


5.      All resumes for the last 5 years.

RESPONSE:


6.      All applications for employment You submitted for purposes of obtaining employment as an adjuster and/or claims handler in the Stale of Texas. This request is limited to the 5 years preceding the date of loss at issue in this Lawsuit.

RESPONSE:

7.      All documents You relied upon in the adjustment of the claim made the basis of this Lawsuit.

RESPONSE:


8.      To the extent You made a determination or recommendation regarding depreciation, all documents relating to the application of depreciation on a commercial property claim in the State of Texas for the past 2 years.

RESPONSE:


9.      To the extent You made a determination or recommendation regarding overhead and profit, all documents relating to the application of overhead and profit on a commercial property claim in the State of Texas for the past 2 years.

RESPONSE:


10.     All documents or items in Your possession related to the claim made the basis of this Lawsuit that You did not submit to the insurance company and/or adjusting company assigned to this claim.

RESPONSE:


11.     All documents meant to instruct, advise, or guide the handling or adjusting hail and/or windstorm claims in the State of Texas for the last 2 years.

RESPONSE:


12.     All training manuals in effect at the time of Plaintiff's claim used for software programs utilized in the claim made the basis of this Lawsuit.

RESPONSE:

33

13.    All documents relating to any performance reviews or evaluations by the carrier of the underlying claim, whether formal or informal, regarding Your handling of claims arising out of the storm at issue in this Lawsuit.

RESPONSE:


14.    All documents relating to any Texas Department of Insurance complaints made against You by an insured related to claims arising out of the storm at issue in this Lawsuit.

RESPONSE:


15.    All contracts, indemnity agreements, and/or confidentiality agreements between You and the adjusting company and/or insurance company in effect during the handling of claims arising out of the storm at issue in this Lawsuit.

RESPONSE:


16.    All price lists used by You in handling claims arising out of the storm at issue in this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, You can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

RESPONSE:


17.    All weather reports regarding wind and/or hail relied upon by You in handling claims arising out of the storm at issue in this Lawsuit.

RESPONSE:


18.    All correspondence to or from the adjusting company and/or the insurance company that issued the policy regarding modifying/modifications to the unit price cost and the price list You used in handling Plaintiff's claim.

RESPONSE:

19.    If a claim for business interruption, loss of income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating business interruption, loss of income and/or business loss damages covered under Plaintiff's policy. This request is limited to the last 3 years.

RESPONSE:


20.    If a claim for business interruption, loss of income and/or business loss is asserted, all documents used to instruct, advise, guide, inform, educate, or assist provided to any person or defendant(s) in calculating and/or evaluating any extra expenses incurred during the period of business interruption, loss of income and/or business loss covered under Plaintiff's policy. This request is limited to the last 3 years.

RESPONSE:


21.    If a claim for business interruption, loss of income and/or business loss is asserted, all documents prepared by any third party used to evaluate Plaintiff's claim(s) in the last 3 years regarding, in any way, the investigation of business interruption, loss of income and/or business loss claims.

RESPONSE:

# EXHIBIT A-3

# CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____   COURT *(FOR CLERK USE ONLY):* _____

STYLED   Ronny Luong vs. The Travelers Lloyds Insurance Company and Jason Spradlin
_____
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

---

**1. Contact information for person completing case information sheet:** | **Names of parties in case:** | **Person or entity completing sheet is:**

Name:
Matthew J. Worrall

Email:
mworrall@potts-law.com

Address:
100 Waugh Drive, Suite 350

Telephone:
713-963-8881

City/State/Zip:
Houston, Texas 77007

Fax:
713-574-2938

Signature:
*Matthew J Worrall*
mjp

State Bar No:
24070883

Plaintiff(s)/Petitioner(s):
Ronny Luong

Defendant(s)/Respondent(s):
The Travelers Lloyds Insurance Company and Jason Spradlin

[Attach additional page as necessary to list all parties]

☒ Attorney for Plaintiff/Petitioner
☐ *Pro Se* Plaintiff/Petitioner
☐ Title IV-D Agency
☐ Other:

Additional Parties in Child Support Case:

Custodial Parent:

Non-Custodial Parent:

Presumed Father:

---

**2. Indicate case type, or identify the most important issue in the case *(select only 1)*:**

| *Civil* | | | *Family Law* | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |

*Contract* / **Injury or Damage** / **Real Property** / **Marriage Relationship** / **Post-judgment Actions (non-Title IV-D)**

*Debt/Contract*
☐ Consumer/DTPA
☐ Debt/Contract
☐ Fraud/Misrepresentation
☐ Other Debt/Contract:

*Foreclosure*
☐ Home Equity—Expedited
☐ Other Foreclosure
☐ Franchise
☒ Insurance
☐ Landlord/Tenant
☐ Non-Competition
☐ Partnership
☐ Other Contract:

**Injury or Damage**
☐ Assault/Battery
☐ Construction
☐ Defamation
*Malpractice*
☐ Accounting
☐ Legal
☐ Medical
☐ Other Professional Liability:

☐ Motor Vehicle Accident
☐ Premises
*Product Liability*
☐ Asbestos/Silica
☐ Other Product Liability List Product:

☐ Other Injury or Damage:

**Real Property**
☐ Eminent Domain/ Condemnation
☐ Partition
☐ Quiet Title
☐ Trespass to Try Title
☐ Other Property:

**Related to Criminal Matters**
☐ Expunction
☐ Judgment Nisi
☐ Non-Disclosure
☐ Seizure/Forfeiture
☐ Writ of Habeas Corpus— Pre-indictment
☐ Other:

**Marriage Relationship**
☐ Annulment
☐ Declare Marriage Void
*Divorce*
☐ With Children
☐ No Children

**Other Family Law**
☐ Enforce Foreign Judgment
☐ Habeas Corpus
☐ Name Change
☐ Protective Order
☐ Removal of Disabilities of Minority
☐ Other:

**Post-judgment Actions (non-Title IV-D)**
☐ Enforcement
☐ Modification—Custody
☐ Modification—Other
**Title IV-D**
☐ Enforcement/Modification
☐ Paternity
☐ Reciprocals (UIFSA)
☐ Support Order

**Parent-Child Relationship**
☐ Adoption/Adoption with Termination
☐ Child Protection
☐ Child Support
☐ Custody or Visitation
☐ Gestational Parenting
☐ Grandparent Access
☐ Parentage/Paternity
☐ Termination of Parental Rights
☐ Other Parent-Child:

| **Employment** | **Other Civil** |
|---|---|

**Employment**
☐ Discrimination
☐ Retaliation
☐ Termination
☐ Workers' Compensation
☐ Other Employment:

**Other Civil**
☐ Administrative Appeal
☐ Antitrust/Unfair Competition
☐ Code Violations
☐ Foreign Judgment
☐ Intellectual Property

☐ Lawyer Discipline
☐ Perpetuate Testimony
☐ Securities/Stock
☐ Tortious Interference
☐ Other:

| **Tax** | *Probate & Mental Health* | |
|---|---|---|

**Tax**
☐ Tax Appraisal
☐ Tax Delinquency
☐ Other Tax

*Probate/Wills/Intestate Administration*
☐ Dependent Administration
☐ Independent Administration
☐ Other Estate Proceedings

☐ Guardianship—Adult
☐ Guardianship—Minor
☐ Mental Health
☐ Other:

---

**3. Indicate procedure or remedy, if applicable *(may select more than 1)*:**

☐ Appeal from Municipal or Justice Court
☐ Arbitration-related
☐ Attachment
☐ Bill of Review
☐ Certiorari
☐ Class Action

☐ Declaratory Judgment
☐ Garnishment
☐ Interpleader
☐ License
☐ Mandamus
☐ Post-judgment

☐ Prejudgment Remedy
☐ Protective Order
☐ Receiver
☐ Sequestration
☐ Temporary Restraining Order/Injunction
☐ Turnover

---

**4. Indicate damages sought *(do not select if it is a family law case)*:**
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☐ Over $200,000 but not more than $1,000,000
☒ Over $1,000,000

Rev 2/13

# EXHIBIT A-4

FILED

DALLAS COUNTY

2/26/2016 3:26:09 PM

FELICIA PITRE

DISTRICT CLERK

FELICIA PITRE
DALLAS COUNTY DISTRICT CLERK

NINA MOUNTIQUE
CHIEF DEPUTY

## CAUSE NO. DC-16-02295

RONNY LUONG

vs. THE TRAVELERS LLOYDS INSURANCE COMPANY et al

44th District Court

## <u>ENTER DEMAND FOR JURY</u>

JURY FEE PAID BY: RONNY LUONG

FEE PAID: 40

600 COMMERCE STREET DALLAS, TEXAS  75202 (214) 653-7261
FAX (214)653-7781 E-mail: Felicia.Pitre@dallascounty.org
Web site: http://www.dallascounty.org/distclerk/index.html

# EXHIBIT A-5

# FORM NO.  353-3 - CITATION
# THE STATE OF TEXAS

To:

**JASON SPRADLIN**
**332 FOREST GROVE DRIVE**
**RICHARDSON TX 75080-1936**

GREETINGS:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **RONNY LUONG**

Filed in said Court  **26th day of February, 2016** against

**THE TRAVELERS LLOYDS INSURANCE COMPANY AND JASON SPRADLIN**

For Suit, said suit being numbered <u>**DC-16-02295,**</u> the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition **REQ FOR  INTERROGATORIES AND REQ FOR PRODUCTION,** a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 3rd day of March, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas

By _Dianne Coffey_ Deputy
DIANNE COFFEY

---

**CERT MAIL**

# CITATION

## DC-16-02295

**RONNY LUONG**
vs.
**THE TRAVELERS LLOYDS INSURANCE COMPANY ET AL**

ISSUED THIS
**3rd day of March, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  DIANNE COFFEY, Deputy

**Attorney for Plaintiff**
MATTHEW J WORRALL
THE POTTS LAW FIRM LLP
100 WAUGH  SUITE 350
HOUSTON TX  77007
713-963-8881



DALLAS COUNTY CONSTABLE
FEES PAID
FEES NOT PAID

# OFFICER'S RETURN

Case No. : DC-16-02295

Court No.44th District Court

Style: **RONNY LUONG**

**vs.**

**THE TRAVELERS LLOYDS INSURANCE COMPANY ET AL**

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____o'clock _____.M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, **BY U S CERTIFIED MAIL, RETURN RECEIPT REQUESTED, RESTRICTED DELIVERY** a true copy of this Citation together with the accompanying copy of this

pleading, having first endorsed on same date of delivery.  The distance actually traveled by me in serving such process was _____miles and my fees are as follows:   To

certify which witness my hand.

|                        |             |                                          |
|------------------------|-------------|------------------------------------------|
| For serving Citation   | $_____  | _____ |
| For mileage            | $_____  | of_____County,_____  |
| For Notary             | $_____  | By_____Deputy     |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____before me this_____day of _____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

*9214-8901-0661-5400-0081-6224-23*

# EXHIBIT A-6

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**THE TRAVELERS LLOYDS INSURANCE COMPANY
BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY
211 EAST 7TH STREET SUITE 620
AUSTIN TX 78701-3218**

GREETINGS:
You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with  the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you.  Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **RONNY LUONG**

Filed in said Court  **26th day of February, 2016** against

**THE TRAVELERS LLOYDS INSURANCE COMPANY AND JASON SPRADLIN**

For Suit, said suit being numbered **DC-16-02295,** the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition **REQ FOR  INTERROGATORIES AND REQ FOR PRODUCTION,** a copy of which accompanies this citation.  If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 3rd day of March, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County, Texas

By _Dianne Coffey_ Deputy
DIANNE COFFEY

---

## CERT MAIL

# CITATION

## DC-16-02295

**RONNY LUONG
vs.
THE TRAVELERS LLOYDS
INSURANCE COMPANY
ET AL**

ISSUED THIS
**3rd day of March, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By:  DIANNE COFFEY, Deputy

---

**Attorney for Plaintiff**
MATTHEW J WORRALL
THE POTTS LAW FIRM LLP
100 WAUGH  SUITE 350
HOUSTON TX  77007
713-963-8881

---

DALLAS COUNTY CONSTABLE
FEES
PAID

FEES NOT
PAID

## OFFICER'S RETURN

Case No. : DC-16-02295

Court No.44th District Court

Style: **RONNY LUONG**

**vs.**

**THE TRAVELERS LLOYDS INSURANCE COMPANY ET AL**

Came to hand on the _____day of _____, 20_____, at _____o'clock_____.M. Executed at _____,

within the County of _____ at _____ o'clock _____ .M. on the _____day of_____,

20_____, by delivering to the within named

_____

_____

each, **BY U S CERTIFIED MAIL, RETURN RECEIPT REQUESTED**, a true copy of this Citation together with the accompanying copy of this pleading, having first

endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____miles and my fees are as follows: To certify which witness my

hand.

| | | |
|---|---|---|
| For serving Citation | $ :_____ | _____ |
| For mileage | $_____ | of_____County, _____ |
| For Notary | $_____ | By_____Deputy |

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said_____ before me this_____day of_____, 20_____,

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____

9214-8901-0661-5400-0081-0219-69

# EXHIBIT A-7

# FORM NO. 353-3 - CITATION
# THE STATE OF TEXAS

To:

**THE TRAVELERS LLOYDS INSURANCE COMPANY**
**BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY**
**211 EAST 7TH STREET SUITE 620**
**AUSTIN TX 78701-3218**

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty  days after you were served this citation and  petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **RONNY LUONG**

Filed in said Court  **26th day of February, 2016** against

**THE TRAVELERS LLOYDS INSURANCE COMPANY AND JASON SPRADLIN**

For Suit, said suit being numbered <u>**DC-16-02295,**</u> the nature of which demand is as follows:
Suit on **INSURANCE** etc. as shown on said petition **REQ FOR  INTERROGATORIES AND REQ FOR PRODUCTION,** a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 3rd day of March, 2016.

ATTEST: FELICIA PITRE, Clerk of the District Courts of Dallas, County Texas

By_____Deputy
DIANNE COFFEY

---

**CERT MAIL**

# CITATION

## DC-16-02295

**RONNY LUONG**
vs.
**THE TRAVELERS LLOYDS**
**INSURANCE COMPANY**
**ET AL**

ISSUED THIS
**3rd day of March, 2016**

FELICIA PITRE
Clerk District Courts,
Dallas County, Texas

By: DIANNE COFFEY, Deputy

**Attorney for Plaintiff**
MATTHEW J WORRALL
THE POTTS LAW FIRM LLP
100 WAUGH  SUITE 350
HOUSTON TX  77007
713-963-8881

---

DALLAS COUNTY CONSTABLE
FEES      FEES NOT
PAID         PAID

# OFFICER'S RETURN

**FILED**
MAR 1 1 2016
FELICIA PITRE
DIST. CLERK, DALLAS CO., TEXAS
DEPUTY

Case No. : DC-16-02295

Court No.44th District Court

Style: **RONNY LUONG**

vs.

**THE TRAVELERS LLOYDS INSURANCE COMPANY ET AL**

Came to hand on the ___3rd___ day of ___March___, 20 _16_, at _11:16_ o'clock _A_ .M. Executed at _211 E 7th St Ste 620_ _Austin TX 78701-3218_ within the County of _____ at _____ o'clock _____ .M. on the ___7___ day of ___March___, 20 _16_, by delivering to the within named _The travelers Lloyds Insurance Co By serving Corporation Service Company, Reg Agt — Signed By — not readable_

each, **BY U S CERTIFIED MAIL, RETURN RECEIPT REQUESTED**, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows:   To certify which witness my hand.

|  |  |  |  |
|---|---|---|---|
| For serving Citation | $ 76.00 | _Signed By: Not readable_ | **FELICIA PITRE** |
| For mileage | $_____ | of_____County, | **DISTRICT-CLERK** |
| For Notary | $_____ | By _D Coffe_ | Deputy **600 COMMERCE STREET** |
| | (Must be verified if served outside the State of Texas.) | | **DALLAS, TEXAS 75202-4606** |

Signed and sworn to by the said_____before me this_____day of _____, 20_____.

to certify which witness my hand and seal of office.

_____

Notary Public_____County_____.

_9214-8901-0661-5400-0081-6219-69_

FELICIA PITRE
DISTRICT CLERK
GEORGE L ALLEN, SR. COURTS BLDG.
600 COMMERCE ST STE 103
DALLAS, TX 75202-4689



**Return Receipt (Electronic)**

9214 8901 0661 5400 0081 0219 69

**DC16-02295/DC**

CORPORATION SERVICE COMPANY, REGISTERED AGENT
THE TRAVELERS LLOYDS INSURANCE COMPANY
211 E 7TH ST STE 620
AUSTIN, TX 78701-3218

CUT / FOLD HERE

6"X9" ENVELOPE
CUT / FOLD HERE

CUT / FOLD HERE

**UNITED STATES**
**POSTAL SERVICE.**

Date: March 9, 2016

MAIL MAIL:

The following is in response to your March 9, 2016 request for delivery information on your Certified Mail™/RRE item number 92148901066154000081021969. The delivery record shows that this item was delivered on March 7, 2016 at 10:13 am in AUSTIN, TX 78744. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :



Thank you for selecting the Postal Service for your mailing needs.

If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,
United States Postal Service

The customer reference information shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

DC16-02295/DC
CORPORATION SERVICE COMPANY, REGISTERED AGENT
THE TRAVELERS LLOYDS INSURANCE COMPANY
211 E 7TH ST STE 620
AUSTIN, TX 78701-3218

# EXHIBIT A-8

FILED
DALLAS COUNTY
3/25/2016 10:15:30 AM
FELICIA PITRE
DISTRICT CLERK

Case 3:16-cv-00948-L   Document 1-1   Filed 04/06/16   Page 58 of 70   PageID 62

## CAUSE NO. DC-16-02295

| | | |
|---|---|---|
| RONNY LUONG, | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | DALLAS COUNTY, TEXAS |
| THE TRAVELERS LLOYDS | § | |
| INSURANCE COMPANY AND JASON | § | |
| SPRADLIN, | § | |
| | § | |
| **Defendant.** | § | 44TH JUDICIAL DISTRICT |

### DEFENDANTS THE TRAVELERS LLOYDS INSURANCE COMPANY AND JASON SPRADLIN'S ORIGINAL ANSWER

In response to Plaintiff's Original Petition (the "Petition"), Defendants The Travelers Lloyds Insurance Company and Jason Spradlin (collectively, "Defendants"), file their Original Answer thereto.

## I.

### GENERAL DENIAL

Defendants deny all and singular the allegations contained in the Petition and demand strict proof thereof.

## II.

### ADDITIONAL DEFENSES

1.      Defendants deny that all conditions precedent to Plaintiff's claims for recovery have occurred or been met, and they have not been waived.

2.      Coverage is precluded because the loss occurred outside the policy period.

3.      Coverage is precluded to the extent Plaintiff seeks reimbursement for the replacement cost value of property which has not been repaired or replaced.

4.      Coverage is precluded to the extent the loss was not caused by a "Covered Cause of Loss."

5.      Plaintiff has failed to mitigate his damages.

6.      Plaintiff's claims are subject to the deductible of the insurance policy at issue as well as the limits therein.

7.      All or a portion of Plaintiff's claims were caused by the negligence and/or comparative responsibility of Plaintiff, persons acting on Plaintiff's behalf and/or under Plaintiff's direction or control, and/or third parties over which Defendants had no control.

8.      Defendant is entitled to a credit or offset for all amounts previously paid by any other insurer.

9.      Plaintiff's exemplary damages claims are barred in whole or in part by the Due Process Clause and the Excessive Fines Clause of the United States Constitution, Chapter 41 of the Texas Civil Practice & Remedies Code, or any other applicable law.

WHEREFORE, PREMISES CONSIDERED, Defendants The Travelers Lloyds Insurance Company and Jason Spradlin pray that Plaintiff takes nothing by this suit, and that Defendants go hence and recovers costs on their behalf expended.

Respectfully submitted,


_____/s/ Wm. Lance Lewis_____
WM. LANCE LEWIS
State Bar No. 12314560
ALISSA PUCKETT
State Bar No. 24056886
QUILLING, SELANDER, LOWNDS, WINSLETT
& MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Phone)
(214) 871-2111 (Fax)
llewis@qslwm.com
apuckett@qslwm.com

**ATTORNEYS FOR DEFENDANTS THE
TRAVELERS LLOYDS INSURANCE
COMPANY AND JASON SPRADLIN**

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of this Original Answer has been furnished to counsel of record as provided below, via electronic service, in accordance with the Texas Rules of Civil Procedure, this 25th day of March 2016:

Matthew J. Worrall
William H. Barfield
Andrew A. Woellner
The Potts Law Firm, LLP
100 Waugh Drive, Suite 350
Houston, Texas 77007


*/s/ Wm. Lance Lewis*
Wm. Lance Lewis / Alissa Puckett

# EXHIBIT A-9



**CAUSE NO. DC-(   16-02295   )**

RONNY LUONG,

*Plaintiff(s),*

v.

THE TRAVELERS LLOYDS INS. CO., et al,

*Defendant(s).*

In the District Court
of Dallas County, Texas
44th Judicial District

# ORDER SETTING SCHEDULING CONFERENCE AND NOTICE OF POLICIES

In accordance with Rule 166, 190 and 192 of the Texas Rules of Civil Procedure, the parties or their attorneys are ORDERED to appear for a scheduling conference to address those matters stated in those Rules on the following date and time: *April 22, 2016 @9:00 a.m.*, or alternatively **dismissal for want of prosecution** for failure to comply with the Courts order for the submission and entrance of a scheduling order. *The Court prefers that counsel submit an agreed Scheduling Order in lieu of attending the scheduling conference hearing. Upon receipt of the signed order, the hearing will be canceled.*

### THE PARTIES ARE ORDERED TO CONFER BEFORE THE CONFERENCE.

The conference will not be required if the parties file an agreed scheduling order. One of the two Modified Uniform Scheduling Orders is attached. The date by which the case will be ready for trial (the "Initial Trial Setting") as indicated in the forms must be on a Monday not a holiday, and must be in the following range: *PLEASE USE THE ATTACHED MODIFIED UNIFORM SCHEDULING ORDER, LEVELS 1-2 or 3.*

Level 1      6-12 months from the date of initial filing of the case
Level 2      12-18 months from the date of initial filing of the case
Level 3      18-24 months from the date of initial filing of the case

*Requests for variations from the attached forms, even if agreed, must be made at the scheduling conference. Failure to attend the scheduling conference may result in the entry of an order of dismissal for want of prosecution or other sanctions:*

The parties are directed to take notice of the following court policies:

Service of Papers Filed with the Court. — Other than original petitions and any accompanying applications for temporary restraining order, any documents filed with the Court that relate to requests for expedited relief or to matters set for hearing within seven days of filing must be served upon all opposing parties in a manner that will ensure receipt of the papers by them on the same day the papers are filed with the Court or District Clerk.

Uncontested or Agreed Matters. — The Court does not require a separate motion or hearing on

agreed matters, except for continuances in cases over one year old or as otherwise provided. All uncontested or agreed matters should be presented with a proposed form of order and should reflect the agreement of all parties either (a) by personal or authorized signature on the form of order, or (b) in the certificate of conference on the motion.

Submission of Orders. — Except for proposed orders tendered at a hearing, proposed orders on contested matters should be submitted by the prevailing party after notification of the Court's ruling. Proposed orders should be tendered to the opposing party at least two working days before they are submitted to the Court. The opposing party must either approve the proposed order as to form or file objections in writing with the Court within one week of the submission of the proposed order. If an order is not approved as to form and no objections are filed within seven days of the submission of the proposed order, the Court will deem the proposed order to be approved as to form. Parties are encouraged, however, to bring a proposed order to the hearing.

Briefs. — The Court will use its best efforts to review all motions and briefs before any hearing. Except in case of emergency, any briefs relating to a motion (other than for summary judgment) that is set for hearing must be filed with the clerk of the Court no later than two working days before the scheduled hearing, or with the District Clerk no later than three working days before the scheduled hearing. Briefs in support of a motion for summary judgment must be filed with that motion; briefs in opposition to a motion for summary judgment must be filed at or before the time the response is due. Briefs not filed in accordance with this paragraph likely will not be considered.

## COURT SPECIFIC POLICIES

Telephone Hearings. — Participation in hearings by telephone is encouraged. Arrangements should be made with the Court Administrator. (For parties out of town)

Default and Minor Prove-Ups. — Unless instructed otherwise by the Court, default judgments should be made through affidavits; minor prove-ups shall be set for a hearing through the District Clerk.

Continuances. — In cases on file for more than one year, any motion requesting a continuance of trial must be signed by all parties requesting such a continuance, as well as by counsel. A single agreed continuance of 60-90 days, including extension of pretrial deadlines, will typically be granted; subsequent requests are rarely granted. Reset or continuance will not otherwise affect any of the pretrial deadlines unless specifically provided in the Order.

Alterations or Additional Deadlines Permitted. -- The forms attached must be used, but, other than paragraphs 1 or 5 and except as limited by the Rules of Civil Procedure, *different or additional deadlines* do not require an appearance at the scheduling conference and should be made through Rule 11 Agreements. SIGNED March 29, 2016.

District Judge Bonnie Lee Goldstein

# EXHIBIT A-10

FILED
DALLAS COUNTY
4/5/2016 3:13:36 PM
FELICIA PITRE
DISTRICT CLERK

Case 3:16-cv-00948-L    Document 1-1    Filed 04/06/16    Page 66 of 70    PageID 70

## CAUSE NO. DC-16-02295

| | | |
|---|---|---|
| RONNY LUONG, | § | IN THE DISTRICT COURT |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | |
| | § | DALLAS COUNTY, TEXAS |
| THE TRAVELERS LLOYDS | § | |
| INSURANCE COMPANY AND JASON | § | |
| SPRADLIN, | § | |
| | § | |
| **Defendant.** | § | 44TH JUDICIAL DISTRICT |

### DEFENDANTS THE TRAVELERS LLOYDS INSURANCE COMPANY AND JASON SPRADLIN'S FIRST AMENDED ANSWER

In response to Plaintiff's Original Petition (the "Petition"), Defendants The Travelers Lloyds Insurance Company and Jason Spradlin (collectively, "Defendants"), file their First Amended Answer thereto.

## I.

### GENERAL DENIAL

Defendants deny all and singular the allegations contained in the Petition and demand strict proof thereof.

## II.

### ADDITIONAL DEFENSES

1.      Defendants deny that all conditions precedent to Plaintiff's claims for recovery have occurred or been met, and they have not been waived.

2.      Plaintiff's claims are barred by the Legal Action Against Us provision.

3.      Plaintiff's claims are barred in part by the statute of limitations.

4.      Coverage is precluded because the loss occurred outside the policy period.

5.     Coverage is precluded to the extent Plaintiff seeks reimbursement for the replacement cost value of property which has not been repaired or replaced.

6.     Coverage is precluded to the extent the loss was not caused by a "Covered Cause of Loss."

7.     Coverage is precluded to the extent Plaintiff seeks reimbursement for the replacement cost value of property that has not been repaired or replaced.

8.     Coverage may be precluded by the Ordinance or Law exclusion.

9.     Coverage is precluded to the extent Plaintiff seeks reimbursement for "Increased Cost of Construction" incurred due to the enforcement of any ordinance or law in the course of repair, rebuilding or replacement of damaged property in excess of the $10,000 sub-limit provided in the Policy.

10.     Coverage is precluded to the extent Plaintiff seeks reimbursement for covered losses to which exceed the "least" of the following: "(1) The Limit of Insurance applicable to the lost or damaged property; (2) The cost to replace, on the same premises, the lost or damaged property with other property: (a) Of comparable material and quality; and (b) Used for the purposes; or (3) The amount actually spent that is necessary to repair or replace the lost or damaged property."

11.     Plaintiff's claims may be barred in whole or in part by the Neglect exclusion.

12.     Plaintiff's claims are barred in whole or in part by the exclusion for "[w]ear and tear."

13.     Plaintiff's claims may be barred in whole or in part by the exclusion for faulty, inadequate or defective: "(2) Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction; (3) Materials used in repair, construction,

renovation or remodeling; or (4) Maintenance; of part or all of any property on or off the described premises."

14.    Plaintiff's claims may be barred in whole or in part by the exclusion for "[r]ust, other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself."

15.    Plaintiff's claims may be barred in whole or in part by the exclusion for "[c]ontinuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor, that occurs over a period of 14 days or more."

16.    Plaintiff's claims may be barred in whole or in part by the exclusion for "[s]ettling, cracking, shrinking, bulging, or expansion of pavements, foundations, walls, floors, roofs, ceilings, curbs, fences, retaining walls or swimming pools."

17.    Some or all of Plaintiff's claims may be excluded by breach of policy requirements and/or conditions in the Policy, including the insured's duties in the event of loss or damage, such as giving prompt notice of the loss and taking all reasonable steps to protect Covered Property from further damage.

18.    To the extent a disagreement exists regarding the amount of loss properly subject to appraisal, the Policy provides that if Travelers and the insured disagree on the amount of loss or cost of repair, "either may make written demand for an appraisal of the loss."

19.    Plaintiff's claims are barred in whole or in part because the Policy precludes coverage for loss of or damage to the "interior of any building or structure" if "caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless: (1) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters."

20.    Plaintiff's claims are subject to the deductible of the insurance policy at issue as well as the limits therein and to the co-insurance penalty that applies because the "value of the Covered Property at the time of loss times the Coinsurance percentage shown for it in the Declarations is greater than the Limit of Insurance for the Property."

21.    Plaintiff has failed to mitigate his damages.

22.    All or a portion of Plaintiff's claims were caused by the negligence and/or comparative responsibility of Plaintiff, persons acting on Plaintiff's behalf and/or under Plaintiff's direction or control, and/or third parties over which Defendants had no control.

23.    Defendant is entitled to a credit or offset for all amounts previously paid by any other insurer.

24.    Plaintiff's exemplary damages claims are barred in whole or in part by the Due Process Clause and the Excessive Fines Clause of the United States Constitution, Chapter 41 of the Texas Civil Practice & Remedies Code, or any other applicable law.

WHEREFORE, PREMISES CONSIDERED, Defendants The Travelers Lloyds Insurance Company and Jason Spradlin pray that Plaintiff takes nothing by this suit, and that Defendants go hence and recovers costs on their behalf expended.

Respectfully submitted,


_____*/s/ Wm. Lance Lewis*_____
WM. LANCE LEWIS
State Bar No. 12314560
ALISSA PUCKETT
State Bar No. 24056886
QUILLING, SELANDER, LOWNDS, WINSLETT
& MOSER, P.C.
2001 Bryan Street, Suite 1800
Dallas, Texas 75201
(214) 871-2100 (Phone)
(214) 871-2111 (Fax)
llewis@qslwm.com
apuckett@qslwm.com

**ATTORNEYS FOR DEFENDANTS THE
TRAVELERS LLOYDS INSURANCE
COMPANY AND JASON SPRADLIN**


**<u>CERTIFICATE OF SERVICE</u>**

This is to certify that a true and correct copy of this First Amended Answer has been furnished to counsel of record as provided below, via electronic service, in accordance with the Texas Rules of Civil Procedure, this 5th day of April 2016:

Matthew J. Worrall
William H. Barfield
Andrew A. Woellner
The Potts Law Firm, LLP
100 Waugh Drive, Suite 350
Houston, Texas 77007


_____*/s/ Wm. Lance Lewis*_____
Wm. Lance Lewis / Alissa Puckett